UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STEVEN KUNZE
1220 Sorrento Drive
Green Bay, Wisconsin 54304

        Plaintiff,                      Case No.: 19-cv-439

     v.                            **JURY TRIAL DEMANDED**

WIND SECURE INC.
3600 Stanton Road
Oxford, Michigan 48371

        Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Steven Kunze, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.    This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates its business in the Western District of Wisconsin and has substantial and systemic contacts within the Western District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Steven Kunze, is an adult male resident of the State of Wisconsin with a post office address of 1220 Sorrento Drive, Green Bay, Wisconsin 54304.

5. Defendant, Wind Secure, Inc., was, at all material times herein, a commercial entity with a principal address of 3600 Stanton Road, Oxford, Michigan 48371.

6. Defendant is a wind turbine protection and maintenance company.

7. Defendant is owned and operated by Jesse Tarr.

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff engaged in interstate commerce in the furtherance of the performance of his job duties, including but not limited to travelling interstate in the furtherance of the performance of his job duties.

## GENERAL ALLEGATIONS

14. In approximately April 2018, Defendant hired Plaintiff as a General Laborer.

15. During Plaintiff's employment with Defendant, Plaintiff's job duties included travelling to various intrastate and interstate job sites and performing manual labor at those job sites.

16. During Plaintiff's employment with Defendant, Plaintiff's primary job duty was the performance of manual labor.

17. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

18. During Plaintiff's employment with Defendant, Plaintiff reported directly to Jesse Tarr, Defendant's Owner.

19. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant, at the direction of Defendant, for Defendant's benefit, and/or with Defendant's knowledge.

20. In approximately May 2019, Plaintiff's employment with Defendant ended.

21. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

22. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a weekly basis via check.

23. During Plaintiff's employment with Defendant, Defendant's established workweek for FLSA and WWPCL purposes was Sunday through Saturday.

24. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek.

25. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek on behalf of Defendant, at the direction of Defendant, for Defendant's benefit, and/or with Defendant's knowledge.

26. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff at rate of time and one-half his regular rate of pay for any and all work performed or hours worked beyond forty (40) in a workweek.

27. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for (portions of) compensable travel time during workweeks when Plaintiff travelled intrastate and/or interstate in the furtherance of the performance of his job duties.

28. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for (portions of) compensable travel time at his regular, normal, and/or agreed-upon hourly rate of pay during workweeks when Plaintiff travelled intrastate and/or interstate in the furtherance of the performance of his job duties.

29. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or legally compensate him for all hours worked and work performed, including but not limited to hours worked and work performed beyond forty (40) in a workweek.

30. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him at an overtime rate of pay for all hours worked beyond forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

31. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him with agreed-upon wages, in violation of the WWPCL.

32. Defendant knew or should have known that, in accordance with the FLSA and WWPCL, it must compensate Plaintiff at an overtime rate of pay for all hours worked and work performed during workweeks when he performed compensable work beyond forty (40) hours in a workweek.

33. Defendant knew or should have known that, in accordance with the FLSA and WWPCL, it must compensate Plaintiff with agreed-upon wages for all hours worked and/or work performed during a workweek.

34. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

35. As a result of Defendant's unlawful failure to compensate Plaintiff with overtime pay for any and all hours worked beyond forty (40) hours in a workweek and with agreed-upon wages, Defendant owes Plaintiff a total monetary amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

36. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

37. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

38. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

39. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

40. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour (and all hours) worked in excess of forty (40) hours in a workweek.

41. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

43. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

44. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)**

45. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

46. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

47. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

48. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

49. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at a overtime rate of pay.

50. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff at an overtime rate of pay for all hours worked beyond forty (40) in a workweek.

51. Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

52. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid overtime compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

53. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AN AGREED UPON WAGE)

54. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

56. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

57. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

58. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at his regular and/or previously agreed-upon rate of pay.

59. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for (portions of) compensable travel time at his regular, normal, and/or agreed-upon hourly rate of pay during workweeks when Plaintiff travelled intrastate and/or interstate in the furtherance of the performance of his job duties.

60. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage as defined in Wis. Stat. § 109.01(3), by failing to compensate him with his agreed-upon hourly rate of pay for all hours worked and work performed during his employment with Defendant.

61. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

62. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the

Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

63. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages for the three year period immediately preceding the filing of this Complaint (ECF No. 1), including overtime wages, agreed-upon wages, pre-judgment and post-judgment interest, and for any and all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 30th day of May, 2019

                             WALCHESKE & LUZI, LLC
                             Counsel for Plaintiff

                             **s/ *Scott S. Luzi*** _____
                             James A. Walcheske, State Bar No. 1065635
                             Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com